IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEONNA SMITH, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ISTA NORTH AMERICA, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Deonna Smith (hereinafter "Plaintiff"), and files this lawsuit against Defendant ISTA North America, Inc. (hereinafter "Defendant"), and shows the following:

## I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant ISTA North America, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 3655 North Point Pkwy. Suite 250, Alpharetta, GA, 30005. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III.  Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendant from 2/1/2008 through 1/27/2010 as a Staff Accountant.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant ISTA North America, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Ron Rubel was Plaintiff's supervisor who had discretion over Plaintiff's payroll and overtime compensation.  Rubel works both directly and indirectly in the interest of ISTA North America, Inc. and was in a supervisory position over the named Plaintiff.

13.

ISTA North America is a utility expense management company.

14.

ISTA North America, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

**IV.  <u>Facts</u>**

18.

Plaintiff worked for the Defendant within the past three years.

19.

Plaintiff's duties primarily consisted of supporting the accounting department under the supervision of an Accounting Supervisor.

20.

Plaintiff would post general ledger entries, track and reconcile balance sheet accounts and update and track commissions for the sales department.

21.

The Accounting Supervisor was required to sign off on all necessary bank transfers and matters of significance such as audits.

23.

Plaintiff did not have an advanced degree in any field of science or learning.

24.

The position of Staff Accountant did require an advanced degree or qualification in any field of science or learning.

25.

The requirements of the position are a BA/BS in accounting, finance or business and 2 years of experience in accounting and general ledger processing.

26.

Plaintiff did not manage any employees.

27.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

28.

Defendant ISTA North America had been previously informed in 2010 that they were possibly violating the FLSA by not paying certain salaried employees the required overtime differential when they worked over forty (40) hours in a workweek.

29.

Defendant ISTA North America and Ron Rubel were informed of the possible overtime issues in the context of a series of Georgia Department of Labor hearings in regards to an employee who had left the company, Malcolm McCrae.

30.

Defendant ISTA North America and Ron Rubel were informed of the possible overtime issues by ISTA North America's General Counsel, Kimberly August.

31.

Despite this knowledge, ISTA disregarded its responsibilities under the FLSA and failed to pay Plaintiff the overtime wages due to her.

## V.  <u>Violation of the Overtime Wage Requirement</u>
## <u>of the Fair Labor Standards Act.</u>

32.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

33.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII.  <u>Prayer for Relief</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the

FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

damages as provided by 29 U.S.C. §216, pre-judgment interest on

unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided under FLSA §16
and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been
violated;

(D)   Award Plaintiff such further and additional relief as may be just and
appropriate.

Respectfully submitted the _____ day of May, 2011.

**BARRETT & FARAHANY, LLP**


_____
Benjamin B. Kandy
Georgia Bar No. 765357
Attorney for Deonna Smith

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile