IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEONNA SMITH, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | 1:11-cv-01542-AT |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ISTA NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff, Deonna Smith, ("Plaintiff"), and Defendant, ista North America, Inc., ("Defendant") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement must be approved by this Court and said approval must be entered as a stipulated final judgment.

**I.**   **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees.

1

First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the

> District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the number of hours worked and whether or not Plaintiff was an exempt employee. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and her counsel discussed the Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

**II.     Terms of Settlement**

    A.     Compensation. The parties have agreed to settle Plaintiff, Deonna Smith's claim for Ten Thousand Dollars ($10,000.00). (A copy of the settlement agreement attached as Exhibit "A" hereto.)

    B.     Attorney's Fees/Costs. Plaintiff's counsel will receive a total of Four Thousand Four Hundred Ninety Four Dollars ($4,494.00), which represents both attorney's fees and costs for all work through the conclusion of representation. Pursuant to the Plaintiff's retainer agreement, attorney's fees are contingency-based at Forty Percent of the recovery through settlement or judgment. For clarification, this amount will be taken from the amount set forth in Paragraph A, above.

**IV.     Conclusion**

    The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties without prejudice.

    Respectfully submitted this 22nd day of February, 2012.

[signatures appear on the next page]

| BARRETT & FARAHANY, LLP | JACKSON LEWIS LLP |
|---|---|
| /s/   *Benjamin F. Barrett*<br>Benjamin F. Barrett (039586)<br>1100 Peachtree Street N.E.,<br>Suite 500<br>Atlanta, Georgia 30309<br>(404) 214-0120<br><br>*Attorneys for Plaintiff* | /s/ *Eric R. Magnus*<br>Eric R. Magnus (801405)<br>1155 Peachtree Street N.E.,<br>Suite 1000<br>Atlanta, GA  30309<br>(404) 525-8200<br><br>*Attorneys for Defendant* |